UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN L. PAGE,<br><br>           Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVING, Acting<br>Commissioner of Social Security,<br><br>           Defendant.<br>_____ / | Case No. 1:10-cv-1605 SKO<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUENT TO 42 U.S.C. § 406(b)**<br><br>(Doc. 18) |

## I.   INTRODUCTION

On June 5, 2013, counsel for Plaintiff, Young Cho, Esq., filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 18.) Plaintiff Bryan Page ("Plaintiff") was served with the motion for attorney's fees (Doc. 18, p. 11), but no opposition or response was filed. For the reasons set forth below, the Court GRANTS Plaintiff's counsel's motion for an award of attorney's fees.

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.) On appeal, the Court ordered that the Administrative Law Judge's opinion be reversed and remanded the case for

1

further proceedings. (Doc. 14.) On September 9, 2011, pursuant to the stipulation of the parties, Plaintiff was awarded $3,700 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Docs. 16, 17.) Following remand, on December 27, 2012, the Commissioner issued a decision granting Plaintiff's application for benefits. (Docs. 18-2, p. 1-3.)

On May 28, 2013, the Commissioner issued a notice that retroactive disability benefits were awarded to Plaintiff totaling $73,450.00.[1] Plaintiff's counsel, Mr. Young Cho, now seeks an award of attorney's fees in the amount of $15,000.00 pursuant to Section 406(b). (Doc. 18, p. 4:8-9.) Mr. Cho filed a declaration in support of the motion for attorney's fees stating that, on remand, the Commissioner awarded Plaintiff benefits finding him disabled from September 1, 2005, through January 28, 2011. (Doc. 18-2, p. 19.) It is Plaintiff's counsel's Section 406(b) motion for attorney's fees that is currently pending before the Court.

### III.   DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, even though the Section 406(b) attorney's fee award is not paid by the

---

[1] (Doc.18-3, p. 1-5.) The notice indicated that twenty-five percent of the total award was withheld for purposes of attorney's fees, which equaled $18,362.50. Thus, while the notice did not provide the total amount of benefits awarded, twenty-five percent of $73,450.00 amounts to the $18,362.50 withheld.

2

government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807. The goal of fee awards under Section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Grisbrecht*, 535 U.S. at 807.

The twenty-five percent (25%) maximum fee is not an automatic entitlement; courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, the fee agreement between Plaintiff and his counsel provides for a fee consisting of "a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." (Doc. 18-1, ¶ 4.) The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. The billing records show that Plaintiff's counsel and

1 staff reasonably expended a total of 23.3 hours litigating Plaintiff's case. (Doc. 18-4.) There is no
2 indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's
3 counsel; counsel secured a successful result for Plaintiff. There is also no evidence that Mr. Cho
4 engaged in any dilatory conduct resulting in delay. Attorney's fees in the amount of $15,000.00
5 represent less than 25% of the past-due benefits paid to Plaintiff and are not excessive in relation to the
6 past-due award of $73,450.00. *See generally Taylor v. Astrue*, No. 1:06-cv-00957-SMS, WL 836740,
7 at *2 (E.D. Cal. Mar. 4, 2011) (granting petition for an award of attorney's fees pursuant to Section
8 406(b) in the amount of $20,960.00); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, WL 587096,
9 at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b)
10 in the amount of $34,500.00); *Logan-Laracuente v. Astrue*, No. 1:07-cv-00983-SMS, WL 4689519, at
11 *2 (E.D. Cal. Nov. 10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the
12 amount of $23,558.62).

13 In making this determination, the Court recognizes the contingent-fee nature of this case and
14 counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Hearn v.*
15 *Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend
16 with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases
17 does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Grisbrecht*, 535
18 U.S. at 807)). Further, counsel has submitted billing statements in support of the requested fee, which
19 were reviewed by the Court. (Doc. 18-4.)

20 An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees
21 granted under the EAJA. 28 U.S.C. § 2412; *Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has
22 already been awarded $3,700.00 in fees pursuant to the EAJA; thus, any Section 406(b) fees awarded
23 must be offset by $3,700.00, and that amount must be refunded to Plaintiff.

### IV.   CONCLUSION AND ORDER

25 For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel
26 pursuant to Section 406(b) are reasonable.

27 Accordingly, IT IS HEREBY ORDERED that:

28        1.      Plaintiff's counsel's motion for an award of attorney's fees pursuant to Section

406(b) in the amount of $15,000.00 is GRANTED; and

2. Plaintiff's counsel shall refund to Plaintiff $3,700.00 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **July 8, 2013**            **/s/ Sheila K. Oberto**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE